IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ONEBEACON AMERICAN INSURANCE
COMPANY, f/k/a COMMERCIAL UNION
INSURANCE COMPANY and AMERICAN
CENTRAL INSURANCE COMPANY,

    Plaintiffs,

v.

    No. 04-2432 B
    03-2649 B (CONSOLIDATED)

JACO AIRFIELD CONSTRUCTION, INC., f/k/a
JACO ELECTRIC, INC., a Georgia corporation,
MEMPHIS-SHELBY COUNTY AIRPORT
AUTHORITY, and ILLINOIS VALLEY PAVING
COMPANY, an Illinois company,

    Defendants.

## ORDER GRANTING DEFENDANT MEMPHIS SHELBY COUNTY AIRPORT AUTHORITY'S MOTION TO DISMISS

This diversity action for declaratory judgment was brought by Plaintiffs, OneBeacon American Insurance Company f/k/a Commercial Union Insurance Company and American Central Insurance Company (collectively "OneBeacon"), for a determination of their rights and obligations under an insurance policy issued to Defendant, JACO Airfield Construction, Inc. ("JACO"), with respect to an underlying lawsuit in which the insured was joined as a third party defendant on a claim of indemnification.[1] Also named in the instant action are Memphis Shelby

---

[1] In Memphis Shelby County Airport Authority v. Illinois Valley Paving Company, Civil Action No. 01-3041 (W.D. Tenn.), Memphis Shelby County Airport Authority ("MSCAA") filed suit against Illinois Valley Paving Company ("IVP") claiming that IVP breached its contract with MSCAA because the airfield lighting system IVP contracted to provide failed to meet specifications due to construction with a defective cable. IVP brought a third-party action against JACO seeking indemnification for any alleged damages suffered by MSCAA on the basis that JACO acted as the airfield lighting subcontractor



County Airport Authority ("MSCAA") and Illinois Valley Paving Company ("IVP"), both parties in the underlying lawsuit in which JACO is a third party defendant. Before the Court is the motion of Defendant Memphis Shelby County Airport Authority ("MSCAA")[2] to dismiss the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted filed on September 27, 2004. Plaintiffs filed a response on October 29, 2004 to which MSCAA obtained leave and filed a reply.[3]

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). On such a motion, the Court is required to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which [it] bases [its] claim," Conley v. Gibson, 355 U.S. 41, 47 (1957). However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark a Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

In the present case, Plaintiffs brought suit under the Declaratory Judgment Act, 28 U.S.C.

---

on the project at issue. JACO subsequently filed claims against Graybar Electrical Works Company and Nehring Electric Company, Inc., the seller and manufacturer respectively, of the allegedly defective cable, for damages JACO suffered in the construction project at issue as well as in two other projects. IVP subsequently filed a cross claim against both Nehring and Graybar.

[2] Unless otherwise specified, the term "Defendant" herein refers exclusively to MSCAA.

[3] On March 5, 2005, United States Magistrate Judge S. Thomas Anderson issued an amended order granting Defendant JACO's motion to consolidate the instant case with that of Memphis Shelby County Airport Authority, Illinois Valley Paving Company, and JACO Airfield Construction, Inc. v. United States Fire Insurance Company, Civil Action No. 2:03-02649 (W.D. Tenn.). As directed in that Order, all subsequent filings in the instant action are to be filed under the consolidated case.

§ 2201, which provides that

> [i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. The "actual controversy" requirement of the Declaratory Judgment Act mirrors the constitutional limitation of Article III of the United States Constitution, which confines the jurisdiction of the federal courts to adjudication of "cases" and "controversies." U.S. Const. art. III, § 2; see also National Rifle Ass'n of America v. Magaw, 132 F.3d 272, 279 (6th Cir. 1997) ("The existence of an 'actual controversy' in a constitutional sense is necessary to sustain jurisdiction under the Declaratory Judgment Act"). The "case and controversy" requirement gives rise to the concept of standing. See Goleta National Bank v. O'Donnell, 239 F.Supp.2d 745, 750 (S.D. Ohio 2002). "Article III standing requires a litigant to have suffered an injury-in-fact, fairly traceable to the defendant's allegedly unlawful conduct, and likely to be redressed by the requested relief." National Rifle Ass'n of America, 132 F.3d at 279 (citing Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984)). When seeking declaratory relief, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

OneBeacon brought this declaratory action for a determination of its rights not only against its insured, JACO, but also against IVP and MSCAA, as "potential judgment creditors"

3

of the Plaintiffs' insured. (Pl.'s Resp. Mot. Dismiss ("Pl.'s Resp.") at 1.) However, unlike IVP, MSCAA has not asserted a direct claim against JACO in the underlying lawsuit. Defendant urges the Court to dismiss OneBeacon's complaint against MSCAA on the basis that OneBeacon lacks standing to litigate this claim. Specifically, Defendant argues that there is no controversy between it and OneBeacon because MSCAA is not a party, or an additional insured, under the insurance contracts for which Plaintiffs seek declaratory judgment, nor has it sought any relief from Plaintiffs' insured in the underlying action. (Def.'s Mot. Dismiss ("Def.'s Mot.") at 1.)

"The first, and most important prong of the inquiry into whether a plaintiff has standing to bring suit concerns whether the plaintiff has suffered an 'actual or imminent' injury-in-fact." Goleta National Bank, 239 F.Supp.2d at 753. In the case of declaratory actions, the injury need not have occurred. However, where the claim is not based on a completed injury, a plaintiff must show "a significant possibility of future harm." National Rifle Ass'n of America, 132 F.3d at 279. "An actual controversy is usually held to exist between the insurer and an injured party *suing the insured,* since there is generally a real possibility that the injured party might look to the insured for payment." FEDERAL PROCEDURE, LAWYER'S ED. § 23:36 (emphasis added). In this context, a sufficient controversy exists even though the injured party may not sue nor obtain a judgment directly against the insurer. 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE, § 2757, at 586 (2d ed. 1983). The finding of a controversy is similarly unaffected by the contingent nature of the injured parties' recovery against the insured. See Franklin Life Ins. Co. v. Johnson, 157 F.2d 653, 658 (10th Cir. 1946). ("In declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory

4

judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured").

However, in the instant case, the insurer seeks declaratory judgment against an injured party who has not brought suit directly against its insured. In the underlying action, MSCAA brought an action against IVP who joined the insured on a claim of indemnity. Under the Federal Rules of Civil Procedure, after a defendant has impled a third party defendant, a plaintiff may ordinarily amend their complaint to assert any claim they may have against that party. FED. R. CIV. P. 14(a) ("A plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff"). MSCAA either chose or was unable to assert a direct claim of liability against the insured in the underlying action. Accordingly, there is no actual controversy between MSCAA and OneBeacon over which this Court can exercise jurisdiction under the Declaratory Judgment Act. See Georgia American Insurance Co. v. Johnson, 712 F. Supp. 530, (S.D. Miss. 1989) (finding no actual controversy where an insurer brought a declaratory judgment action against a third party who had not asserted a claim under that policy or threatened any legal action).

Despite the lack of a direct claim against JACO, Plaintiffs maintain that MSCAA is a "potential judgment creditor" of its insured because the "possibility . . . exists that [MSCAA] will, in the future, seek to reach, as an asset of JACO, the policies that plaintiffs have issued to JACO." (Pl.'s Resp. at 1.) Plaintiffs seek to include MSCAA as a party in the instant action to prevent having to re-litigate their obligations under the insurance contracts in subsequent actions. Particularly, Plaintiffs' concern lies with the possible occurrence of a sequence of future events:

5

(1) OneBeacon prevails in securing a declaratory judgment that it is not liable to defend or indemnify JACO in the underlying litigation; (2) MSCAA prevails in the underlying lawsuit against IVP; (3) IVP prevails in its third party action and JACO, the insured, is held liable for indemnification to IVP; (4) MSCAA seeks to recover the judgment against IVP from the assets of Plaintiffs' insurance contract with JACO; and, (5) because MSCAA was not a party to the declaratory judgment action and therefore the judgment has no preclusive effect, Plaintiffs are forced to re-litigate their liability under their insurance contracts with JACO.

In support of their position, Plaintiffs cite TN-Agra, Inc. v. Hannah Supply Co, Inc., No. 95-2304 (W.D. Tenn. March 20, 1996) (Gibbons, J.). In TN-Agra, the plaintiff brought suit against Hannah Supply Co., Inc. ("Hannah") and its insurer United States Fidelity and Guaranty Co. ("USF&G") to collect a judgment obtained in a prior state court action against Hannah. USF&G moved for summary judgment on the ground that, in a previous coverage action against its insured, USF&G had been adjudged not liable for the defense of, or for any damages arising from, the state court action against Hannah. Id. at 1-2. On the basis of this previously obtained declaratory judgment, USF&G argued that TN-Agra was barred by the principles of res judicata from seeking to collect the judgment against its insured from it. Id. However, because TN-Agra was not a party to the prior coverage action in which USF&G obtained the declaratory judgment, nor in privity with the insured, the Western District of Tennessee court held that the declaratory judgment was not binding on TN-Agra. Id. at 5.

In the instant case, OneBeacon asserts that "[t]he lesson of the TN-Agra case" is that the insurer should have joined the plaintiff in the underlying state court action as a defendant in the original coverage action in order to avoid having to re-litigate the coverage dispute, "because

6

TN-Agra could have brought a collection action in the future against USF&G based on [its] policy with Hannah." (Pl.'s Resp. at 3.) This Court finds TN-Agra inapplicable to the instant case. Unlike TN-Agra, MSCAA did not bring suit or assert any claim against the insured in the underlying action. Further, TN-Agra concerns the res judicata effect of a declaratory judgment action rather than the court's jurisdiction over parties in such actions. While TN-Agra provides adequate justification for seeking to join MSCAA as a party to this coverage action, it does not provide this Court with the jurisdiction to do so.

The Court is unable to conclude that MSCAA is a potential judgment creditor of Plaintiffs' insured. A reasonable apprehension of being sued in a collection action in the future satisfies the actual controversy requirement. See Kelley v. E.I. DuPont de Nemours & Co., 17 F.3d 836, 844-845 (6th Cir. 1994) (declaratory relief appropriate when it was more certain than speculative that plaintiff would expend resources); Friedman v. Geller, 925 F. Supp. 611, 613 (E.D. Wis. 1996) (specific and concrete threat of legal action satisfies case or controversy requirement); Chiron Corp. v. Advanced Chemtech, Inc., 869 F. Supp. 800, 801 (N.D. Cal. 1994)(actual controversy requirement may be satisfied if plaintiff shows reasonable apprehension of being sued). However, Plaintiffs have failed to establish how MSCAA could possibly maintain such an action in the absence of any asserted claim against its insured. Plaintiffs' have not cited and the Court is not aware of any authority supporting the proposition that MSCAA, should it prevail in the underlying action against IVP, could become a judgment creditor of Plaintffs' insured. But cf., McNeil v. Schoeneberger, No. CIV. A. 00-1150, 2001 WL 87740, at *7 (E.D. Penn. Jan. 30, 2001) (finding that plaintiff cannot recover directly against third-party defendants in the absence of any cross-claims or additional claims filed by the plaintiff directly

against those parties); McSwegan v. U.S. Lines, Inc., 688 F.Supp. 867, 871, FN3 (S.D.N.Y.,1988) (noting that a plaintiff cannot recover a judgment directly against a third-party unless the plaintiff amends its complaint to assert a direct claim against the third-party defendant). Accordingly, the Court finds that Plaintiffs have failed to meet their burden of establishing the existence of an actual controversy between OneBeacon and MSCAA. Cardinal Chemical Co. v. Morton Intern., Inc., 508 U.S. 83, 95, 113 S.Ct. 1967, 1974 (1993).

The Court agrees with Plaintiffs' assertion that the purpose of the Declaratory Judgment Act "was an intent to avoid delay and accrual of damages against one uncertain of his rights and to promote early adjudication of the controversy between the parties without waiting until one of them should see fit to begin suit for coercive relief after damages [have] accrued." (Pl.'s Resp. at 3 citing Muskegon Piston Ring Co. v. Olsen and National Piston Ring Co., 307 F.2d 85, 89 (6th Cir. 1962)). However, as noted herein, the Act does not enlarge the constitutional jurisdiction of this Court. In the absence of an actual controversy between Plaintiffs and MSCAA, this Court lacks subject matter jurisdiction and OneBeacon's claims against MSCAA must be dismissed. Accordingly, Defendant MSCAA's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED this 11th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 51 in case 2:03-CV-02649 was distributed by fax, mail, or direct printing on October 12, 2005 to the parties listed.

---

Jennifer A. Sink
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Jeremy G. Alpert
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Alan B. Easterly
LEITNER WILLIAMS DOOLEY & NAPOLITAN
801 Broad St.
Third Floor
Chattanooga, TN 37402--262

Jennifer M. Bermel
ROSSIE LUCKETT PARKER & RIDDER
1669 Kirby Pkwy
Ste. 106
Memphis, TN 38120

Jerry B. McNally
MCKENNA LONG & ALDRIDGE, LLP
303 Peachtree St., NE
Ste. 5300
Atlanta, GA 30308

Stephen D. Crawley
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Molly Glover Crain
LEITNER WILLIAMS DOOLEY & NAPOLITAN
254 Court Ave.
Second Floor
Memphis, TN 38103

R. Alan Pritchard
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Frank B. Thacher
BURCH PORTER & JOHNSON PLLC
130 N. Court Ave.
Memphis, TN 38103

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

James W. Cook
CARD COOK & HOLT
1707 Kirby Parkway
Ste. 200
Memphis, TN 38119

William O. Luckett
ROSSIE LUCKETT PARKER & RIDDER
1669 Kirby Pkwy
Ste. 106
Memphis, TN 38120

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

James W. Bruner
BROWN HAY & STEPHENS
205 S. 5th St.
Ste. 700
Springfield, IL 62705--245

R. Grattan Brown
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT